# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br>vs.<br>LAWRENCE SMITH,<br>      Defendant. | No. 3:07-cr-00559<br><br>**ORDER** |

     This matter comes before the Court pursuant to the November 1, 2010 amendments to the Federal Sentencing Guidelines as they pertain to crack cocaine, and pursuant to Defendant's Motion for Reduction of Sentence and Request for Hearing filed on December 7, 2011. [Dkt. No. 531]. The Court denies Defendant's Motion for Reduction of Sentence and Request for Hearing.

     The Defendant pleaded guilty to maintaining a crack house. The Defendant's presentence report attributes over six kilograms of crack cocaine to the Defendant because others distributed that crack cocaine from a residence made available to them by the Defendant. Because the Defendant was not accused of distributing crack cocaine, his base offense level under the sentencing guidelines was determined by reference to U.S.S.G. § 2B1.8(a)(2). That guideline provides that the base offense level shall be four less than the base offense level otherwise associated with the offense under the crack cocaine guidelines, but under no circumstances can it be greater than a level 26. This guideline provision was not changed by the November 1, 2010 amendments to the sentencing guidelines. Accordingly, this defendant would have to have a base offense level of 28 or lower under the crack cocaine guidelines in order to receive relief. A base offense level of 28 currently represents responsibility for between 112 and 196 grams of cocaine base. The Defendant has not and does not claim that he was responsible for such a small quantity of crack cocaine.

     At his sentencing, Defendant did not dispute the amount of crack cocaine attributed to him in his presentence report. This amount is far in excess of the 196 grams at the top of a base offense level of 28. In fact, it would qualify him for a base offense level of 36. Because the drug

quantity involved in the underlying controlled substance offense places the Defendant at a base offense level of 36, under U.S.S.G. § 2D1.8(a)(2), the Defendant does not qualify for relief under the November 1, 2010 amendments to the crack cocaine sentencing guidelines.

Upon the foregoing, IT IS ORDERED that the Defendant's Motion for Reduction of Sentence and Request for a Hearing [Dkt. No. 531] is DENIED.

DATED this 3rd Day of January, 2012.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA